Mohammad Akif Saleem, Esq.*
NY Bar: 4842753
DAVIS NDANUSA IKHLAS & SALEEM LLP
26 Court Street, Suite 603
Brooklyn, NY 11242
Email: msaleem@dnislaw.com
Tel: (718) 783-6819

Jennifer Rozdzielski, Esq.
CA Bar: 273260
JR IMMIGRATION LAW
21250 Hawthorne Blvd., Suite 500
Torrance, CA 90503
Email: jennifer@jrvisalaw.com
Tel: (310)792-7063

*Counsel for Plaintiff*

*Pro Hac Vice Forthcoming

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDUL NAQEEB ABBASI,<br><br>　　　　Plaintiff,<br>　　v.<br><br>Secretary of the United States Department of Homeland Security KRISTI NOEM; and Director of the United States Citizenship and Immigration Services JOSEPH B. EDLOW,<br><br>　　　　Defendants. | No.:<br><br>**COMPLAINT FOR WRIT OF MANDAMUS AND COMPLAINT UNDER ADMINISTRATIVE PROCEDURE ACT** |

## PRELIMINARY STATEMENT

This civil action and complaint for a Writ of Mandamus and complaint under the Administrative Procedure Act ("APA") is brought forth by **ABDUL NAQEEB ABBASI** ("Plaintiff"), by and through undersigned counsel, respectfully requesting that this Court issue an Order compelling **KRISTI NOEM** and **JOSEPH B. EDLOW** (collectively "Defendants") to adjudicate his I-130 Petition for his wife, Fouzia Mengal ("Beneficiary"). In support of such, Plaintiff states as follows:

## PARTIES

1. Plaintiff Abdul Naqeeb Abbasi is a United States citizen and the petitioner for the I-130 Petition referenced in the matter herein.

2. Defendant Kristi Noem, as the Secretary of the Department of Homeland Security, is responsible for the review and adjudication of applications filed with USCIS, including Plaintiff's I-130 Petition.

3. Defendant Joseph B. Edlow, as the director of U.S. Citizenship and Immigration Services ("USCIS"), is responsible for the review and adjudication of applications filed with USCIS, including Plaintiff's I-130 Petition.

## JURISDICTION

4. This Court has jurisdiction in this civil action pursuant to 28 U.S.C. § 1346(b) (federal defendant), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1361 (mandamus), 28 U.S.C § 1651 (issuance of writs), 5 U.S.C. § 704 (Administrative Procedure Act), 5 U.S.C § 702 (right of review) and 5 U.S.C § 706 (scope of review).

5. 28 U.S.C. § 1346(b) gives exclusive jurisdiction to the district courts over "civil actions on claims against the United States" and 28 U.S.C. § 1331 gives district courts "original

COMPLAINT FOR WRIT OF MANDAMUS AND
COMPLAINT UNDER ADMINISTRATIVE
PROCEDURE ACT

2

Case No.:

jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6. Under 28 U.S.C. § 1361, "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Given such, this Court has jurisdiction over the claims asserted in this action and Complaint and also has the right to issue writs when "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law" 28 U.S.C § 1651.

7. This court also has jurisdiction over this action under 5 U.S.C. § 555(b), the Administrative Procedure Act ("APA"). The APA requires USCIS and the U.S. Department of Homeland Security to carry out its duties within a reasonable time and commands "each agency [to] proceed to conclude a matter presented to it."

8. Jurisdiction is further conferred by 5 U.S.C § 702 (right of review), allowing for judicial review in situations where "a person [suffered] legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute."

9. Furthermore, 5 U.S.C § 702 (right of review) requires that an "action in a court of the United States seeking relief…stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party." 5 U.S.C § 706 (scope of review) requires "the reviewing court [to] decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the

COMPLAINT FOR WRIT OF MANDAMUS AND
COMPLAINT UNDER ADMINISTRATIVE
PROCEDURE ACT

3

Case No.:

terms of an agency action. The reviewing court shall (1) compel agency action unlawfully withheld or unreasonably delayed."

## VENUE

10. Pursuant to 28 U.S.C. § 1391(e)(1)(c), venue is proper in the Northern District of California, given that Plaintiff is a resident of Santa Clara County, and no real property is involved in this action.

## FACTS AND PROCEDURAL HISTORY

11. On July 5, 2024, Plaintiff and Beneficiary were married in Karachi, Pakistan.

12. On or about August 3, 2024, Plaintiff filed his I-130 Petition for the Beneficiary with USCIS. *See* Plaintiff's I-130 Petition receipt notice attached hereto as **EXHIBIT "A"**.

13. On or about October 27, 2025, Plaintiff submitted a congressional inquiry regarding his I-130 Petition to the office of Senator Adam Schiff. *See* Plaintiff's congressional inquiry to the office of Senator Schiff attached hereto as **EXHIBIT "B"**.

14. On or about November 7, 2025, Plaintiff received a response from the office of Senator Schiff. *See* response to Plaintiff's congressional inquiry from the office of Senator Schiff attached hereto **as EXHIBIT "C"**.

15. On or about October 30, 2025, Plaintiff submitted a case assistance request to the Office of Citizenship and Immigration Services Ombudsman. *See* CIS Ombudsman case assistance request confirmation attached hereto as **EXHIBIT "D"**.

16. On or about December 2, 2025, Plaintiff submitted a congressional inquiry regarding his I-130 Petition to the office of Representative Ro Khanna. *See* Plaintiff's congressional inquiry with the office of Representative Khanna attached hereto as **EXHIBIT "E"**.

17. On or about December 2, 2025, Plaintiff received a response from the office of Representative Khanna. *See* response to Plaintiff's congressional inquiry from the office of Representative Khanna attached hereto **as EXHIBIT "F"**.

18. On or about January 12, 2026, Plaintiff received a response from USCIS from the office of Senator Schiff. *See* USCIS's response to the office of Senator Schiff attached hereto as **EXHIBIT "G"**.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

19. No exhaustion of state law administrative remedies requirements apply to Plaintiff's action.

## CLAIMS FOR RELIEF

### AS AND FOR A FIRST CAUSE OF ACTION
**Request to Compel Agency to Perform their Duty Pursuant to 28 U.S.C. § 1361**

20. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein and incorporates them by reference.

21. Pursuant to 28 U.S.C. § 1361, this Court has original jurisdiction over any action to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

22. Plaintiff has completed all steps required for Defendants to issue a final decision on his I-130 Petition, that being the submission of all necessary fees, forms, and evidence to USCIS.

23. Defendants have a mandatory, ministerial, and non-discretionary duty to adjudicate Plaintiff's I-130 Petition. To date, Defendants have failed to do so without justification.

24. Plaintiff, through undersigned counsel, challenges the inaction of Defendants to adjudicate his I-130 Petition through its approval or denial.

25. As a result of Defendants' willful failure to adjudicate, Plaintiff has suffered and will continue to suffer damages, including mental distress and legal fees, as a result of Defendants' failure to complete their duties in a timely manner.

### AS AND FOR A SECOND CAUSE OF ACTION
**Unreasonable Agency Delay and Failure to Act**
**Pursuant to 5 U.S.C. § 555(b) and 5 U.S.C. § 702**

26. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein and incorporates them by reference.

27. The APA requires agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. § 555(b).

28. An individual adversely affected by agency action is entitled to judicial review. 5 U.S.C. § 702.

29. Within the context of the matter herein, agency action includes a failure to act under 5 U.S.C. § 551 (13).

30. Under the APA, USCIS has a mandatory, non-discretionary duty to complete the adjudication of Plaintiff's I-130 Petition within a reasonable timeframe.

31. To date, Defendants have failed to adjudicate Plaintiff's I-130 Petition despite having all necessary forms, documents, fees, and ample time to do so.

32. As a result of such, Plaintiff has suffered and will continue to suffer damages, that being mental distress and legal fees, as a result of Defendants' failure to complete their duties in a timely manner.

### AS AND FOR A THIRD CAUSE OF ACTION
**Agency Action is unlawfully withheld or unreasonably delayed under**
**Agency Action is Arbitrary, Capricious, and**
**an Abuse of Discretion under 5 U.S.C. § 706**

33. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein and incorporates them by reference.

34. Under 5 U.S.C. § 706(1), a court may compel agency action when said agency is unreasonably delayed in completing its duties.

35. To date, Defendants have unreasonably failed to adjudicate Plaintiff's I-130 Petition without any adequate justification for said lengthy delay.

36. The definition of "agency action" outlined in 5 U.S.C. § 551 (13) includes "failure to act".

37. Due to their unreasonable delay, it is evident Defendants have abused their discretion and acted in ways that are arbitrary and capricious, and given such, violate 5 U.S.C. § 706(2)(A).

38. As a result of Defendants' arbitrary, capricious, and abusive action, Plaintiff has suffered irreparable and other harm, thereby entitling him to the relief requested in this Complaint.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

39. Accept jurisdiction and maintain continuing jurisdiction of this action;

40. Retain jurisdiction over this action and any attendant proceedings until Defendants have in fact adjudicated Plaintiff's I-130 Petition and have communicated the results of such adjudication to Plaintiff, undersigned counsel, and the Court in the form of an approval or denial notice;

41. Declare the Defendants' delay in the adjudication of Plaintiff's I-130 Petition as a violation of the Mandamus Act and APA and as arbitrary and capricious;

42. Compel the Defendants and those acting under them to take all appropriate action to adjudicate the Plaintiff's I-130 Petition without further delay;

43. Grant attorney's fees and costs of court to Plaintiff under the Equal Access to Justice Act ("EAJA") and pursuant to 28 U.S.C. § 2412;

44. Grant such other and further relief as this Court deems necessary and proper.

COMPLAINT FOR WRIT OF MANDAMUS AND
COMPLAINT UNDER ADMINISTRATIVE
PROCEDURE ACT                                7                              Case No.:

| | |
|---|---|
| Dated: February 19, 2026 | Respectfully submitted, |

/s/ Mohammad Akif Saleem
Mohammad Akif Saleem, Esq.*
NY Bar: 4842753
DAVIS NDANUSA IKHLAS & SALEEM LLP
26 Court Street, Suite 603
Brooklyn, NY 11242
Email: msaleem@dnislaw.com
Tel: (718) 783-6819

/s/ Jennifer Rozdzielski
Jennifer Rozdzielski, Esq.
CA Bar: 273260
JR IMMIGRATION LAW
21250 Hawthorne Blvd., Suite 500
Torrance, CA 90503
Email: jennifer@jrvisalaw.com
Tel: (310)792-7063

*Counsel for Plaintiff*

*Pro Hac Vice Forthcoming*